IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAHANGIR JAMIL-PANAH,<br><br>        Plaintiff,<br><br>   v.<br><br>ONEWEST BANK,<br><br>        Defendant.<br>_____/ | No. C -12-00078 EDL<br><br>**ORDER DENYING DEFENDANT'S MOTION TO DISMISS** |

Plaintiff Jahangir Jamil-Panah brought this action in state court, alleging violations of the California Consumer Credit Reporting Agencies Act, California Civil Code section 1785.25(a), and the Fair Credit Reporting Act, 15 U.S.C. § 1681s-2(b). Defendant removed this matter and has filed a motion to dismiss both claims in the complaint. For the reasons stated at the April 17, 2012 hearing and in this Order, Defendant's Motion to Dismiss is denied.

**Background**

Plaintiff alleges that he owns a condominium in Daly City on which the first mortgage was held and serviced by Defendant OneWest Bank. Compl. ¶ 1. Plaintiff alleges that Defendant is a federal savings bank that has "a multibillion portfolio of mortgage loans under management." Compl. ¶ 23.

Plaintiff alleges that his mortgage payment was $1,514.66 per month and the loan balance was $217,786.00 as of September 2010. Compl. ¶ 2. Plaintiff alleges that he has at all times been current on his mortgage payments payable to Defendant. Compl. ¶ 2.

Plaintiff alleges that on September 9, 2010, Plaintiff and Defendant entered into a conditional forbearance agreement under which Plaintiff's obligation to pay Defendant was reduced to $1,060.26 for the six-month period beginning October 1, 2010. Compl. ¶ 3. Plaintiff alleges that

during the forbearance period, Defendant agreed to work with Plaintiff to identify and evaluate a more permanent forbearance prevention alternative. Compl. ¶ 3. Plaintiff alleges that the forbearance agreement was made pursuant to the federal Making Home Affordable Modification program. Compl. ¶ 3. Plaintiff alleges that he made the six monthly payments of $1,026.26 due under the terms of the forbearance agreement. Compl. ¶ 4.

Plaintiff alleges that without warning, beginning in January 2011 through April 2011, Defendant reported to the three national credit reporting agencies that Plaintiff was thirty to sixty days late in his mortgage payments. Compl. ¶ 5. Plaintiff alleges that in August 2011, he sent an online dispute to Experian concerning the account. Compl. ¶ 7.

Plaintiff alleges that on September 26, 2011, Plaintiff sent a letter to Defendant asking Defendant to correct the inaccurate reports that he had been late in his mortgage payments. Compl. ¶ 6. Plaintiff further alleges that on October 8, 2011, Defendant sent Plaintiff a letter stating that the "late payments reported to the credit bureaus between January and April 2011 are valid based on the original contractual terms of your loan and the actual payments received." Compl. ¶ 6. Plaintiff alleges that in sending that letter, Defendant ignored the fact that Plaintiff and Defendant had entered into a forbearance agreement. Compl. ¶ 6.

Plaintiff alleges that on October 18, 2011, Plaintiff sent letters to Equifax and TransUnion disputing Defendant's reports that he had been late on his mortgage payments in the period from January through April 2011. Compl. ¶ 7. Plaintiff alleges that upon receipt of Plaintiff's dispute notices, the three credit reporting agencies sent automatic consumer dispute verification forms to Defendant stating that Plaintiff was disputing that he had been late in making his mortgage payments. Compl. ¶ 8.

Plaintiff alleges that upon receipt of the automatic consumer dispute verification forms from the credit reporting agencies, Defendant was required to make a reasonable investigation as to whether its reports to the credit reporting agencies were accurate. Compl. ¶ 9. Plaintiff alleges that Defendant "failed and refused to conduct a reasonable investigation into the disputes raised by Jamil-Panah. Instead, OneWest merely reported to the credit reporting agencies that its reporting on Jamil-Panah's mortgage loan history was accurate." Compl. ¶ 10. Plaintiff alleges that upon

2

1 receiving Defendant's responses to their inquiries, the credit reporting agencies informed Plaintiff
2 that his credit reports would remain unchanged. Compl. ¶ 11.

3 Plaintiff alleges that he suffered damages due to the inaccurate credit reporting. Compl. ¶
4 19. Plaintiff alleges that the inaccurate reporting has lowered his credit score, and that he was
5 denied credit because of the inaccurate reporting. Compl. ¶ 20. Plaintiff also alleges that he has
6 suffered emotional distress. Compl. ¶ 20.

**Legal Standard**

A complaint will survive a motion to dismiss if it contains "sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007)). The reviewing court's "inquiry is limited to the allegations in the complaint, which are accepted as true and construed in the light most favorable to the plaintiff." Lazy Y Ranch LTD v. Behrens, 546 F.3d 580, 588 (9th Cir. 2008).

A court need not, however, accept as true the complaint's "legal conclusions." Iqbal, 129 S. Ct. at 1949. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Id. at 1950. Thus, a reviewing court may begin "by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Id.

Courts must then determine whether the factual allegations in the complaint "plausibly give rise to an entitlement of relief." Id. Though the plausibility inquiry "is not akin to a probability requirement," a complaint will not survive a motion to dismiss if its factual allegations "do not permit the court to infer more than the mere possibility of misconduct . . . ." Id. at 1949 (internal quotation marks omitted) & 1950. That is to say, plaintiffs must "nudge[] their claims across the line from conceivable to plausible." Twombly, 550 U.S. at 570.

**Discussion**

    **1.    Plaintiff has stated a claim pursuant to the California Consumer Credit Reporting Agencies Act, California Civil Code section 1785.25(a)**

Section 1785.25(a) states:

(a) A person shall not furnish information on a specific transaction or experience to

3

any consumer credit reporting agency if the person knows or should know the information is incomplete or inaccurate.

Plaintiff alleges that Defendant negligently and willfully furnished information to the credit reporting agencies that it knew or should have known was inaccurate. Compl. ¶ 31. Plaintiff alleges that Defendant acted with oppression, fraud and malice in inaccurately reporting Plaintiff's credit. Compl. ¶ 32.

Defendant argues that Plaintiff has failed to state a claim under section 1785.25(a) because Defendant was within its rights to report Plaintiff's account as delinquent because the forbearance agreement did not reduce the amount of payments owed to Defendant, but only temporarily allowed Plaintiff to make partial payments to avoid foreclosure. Defendant notes that in the forbearance agreement, Plaintiff admitted that he was in default, and that he would make partial payments. Mot. to Dismiss Ex. 1.[1] Defendant argues that it is most significant that the forbearance agreement stated

---

[1] On a motion to dismiss, a court normally may not look to matters beyond the complaint without converting the motion into one for summary judgment. See Mack v. South Bay Beer Distributors, 798 F.2d 1279, 1282 (9th Cir. 1986), overruled on other grounds by Astoria Fed. Sav. & Loan Ass'n v. Solimino, 501 U.S. 104 (1991). There are two exceptions to this rule: (1) a court may take judicial notice of material which is either submitted as part of the complaint or necessarily relied upon by the complaint; and (2) a court may take judicial notice of matters of public record. See Lee v. City of Los Angeles, 250 F.3d 668, 688-89 (9th Cir. 2001); see also Marder v. Lopez, 450 F.3d 445, 448 (9th Cir. 2006) ("A court may consider evidence on which the complaint "necessarily relies" if: (1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the copy attached to the 12(b)(6) motion."). Under Federal Rule of Civil Procedure 201(b), a "judicially noticed fact must be one not subject to reasonable dispute in that it is either: (1) generally known within the territorial jurisdiction of the trial court; or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Furthermore, a court "shall take judicial notice if requested by a party and supplied with the necessary information." See Fed. R. Civ. P. 201(d); Mullis v. United States Bank, 828 F.2d 1385, 1388 n. 9 (9th Cir. 1987). "Even if a document is not attached to a complaint, it may be incorporated by reference into a complaint if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim." United States v. Ritchie, 342 F.3d 903, 908 (9th Cir. 2003) ("The defendant may offer such a document, and the district court may treat such a document as part of the complaint, and thus may assume that its contents are true for purposes of a motion to dismiss under Rule 12(b)(6)."); see also Sumner Peck Ranch v. Bureau of Reclamation, 823 F. Supp. 715, 720 (E.D. Cal. 1993) ("In addition, the court may disregard allegations in the complaint if contradicted by facts established by exhibits attached to the complaint.").

Here, the forbearance agreement is necessarily relied upon by the complaint. The complaint refers to the document, and the agreement is central to the complaint because Plaintiff argues that Defendant should not have reported his late payments because of the existence of the forbearance agreement and Defendant argues that it had the right to report Plaintiff to the credit agencies because the agreement reserved that right. Further, Plaintiff has not questioned the authenticity of the agreement. Thus, the Court takes judicial notice of the forbearance agreement.

4

in capital letters right above the signature lines that: "This agreement is not an agreement to waive any reporting of delinquent loan payments." Reply at 2; Mot. to Dismiss Ex. 1.

Plaintiff argued at the hearing that it did not matter that the forbearance agreement reserved the right to Defendant to report delinquent payments to the credit reporting agencies because he was not delinquent on any payments and had made all mortgage payments up to and through the term of the forbearance agreement. However, Defendant noted in the parties' joint case management conference statement that there is a dispute over the definition of "current" and whether Plaintiff's performance under the forbearance agreement obligated Defendant to report the loan as "current" even though the partial payments provided by the agreement resulted in the loan becoming delinquent for sixty days. See Joint CMC Statement (Docket No. 15) at 6. Thus, this case rests on the interpretation of arguably ambiguous language in the forbearance agreement, which is not appropriate on a motion to dismiss. Taking the allegations in the complaint as true, as the Court must do at this stage, Plaintiff has stated a claim for violation of section 1785.25(a) by alleging that Defendant furnished information to a credit reporting agency that it knew or should have known was inaccurate. Therefore, Defendant's motion to dismiss this claim is denied.

**2.  Plaintiff has stated a claim for violation of the Fair Credit Reporting Act (FRCA), 15 U.S.C. § 1681s-2(b)**

Section 1681s-2(b) states:

(b) Duties of furnishers of information upon notice of dispute
(1) In general
After receiving notice pursuant to section 1681i(a)(2) of this title of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the person shall--
(A) conduct an investigation with respect to the disputed information;
(B) review all relevant information provided by the consumer reporting agency pursuant to section 1681i(a)(2) of this title;
(C) report the results of the investigation to the consumer reporting agency;
(D) if the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis; and
(E) if an item of information disputed by a consumer is found to be inaccurate or incomplete or cannot be verified after any reinvestigation under paragraph (1), for purposes of reporting to a consumer reporting agency only, as appropriate, based on the results of the reinvestigation promptly--
(i) modify that item of information;
(ii) delete that item of information; or
(iii) permanently block the reporting of that item of information.
(2) Deadline

> A person shall complete all investigations, reviews, and reports required under paragraph (1) regarding information provided by the person to a consumer reporting agency, before the expiration of the period under section 1681i(a)(1) of this title within which the consumer reporting agency is required to complete actions required by that section regarding that information.

Thus, under this section, a furnisher of information, such as Defendant, has a duty to investigate a dispute after receiving notice from a credit reporting agency. See Nelson v. Chase Manhattan Mortgage Corp., 282 F.3d 1057, 1059 (9th Cir. 2002) ("This section specifies what happens after a CRA receives notice 'pursuant to section 1681i(a)(2) ... of a dispute with regard to the completeness or accuracy of information provided by a person' to the CRA. The person, i.e., the furnisher of the disputed information, has four duties: to conduct an 'investigation with respect to the disputed information;' to review all relevant information provided by the CRA; to report the results of its investigation to the CRA; and if the investigation finds the information is incomplete or inaccurate to report those results 'to all [nationwide] consumer reporting agencies to which the person furnished the information.'"). Further, the furnisher's investigation must be reasonable. See Gorman v. Wolpoff & Abramson, 584 F.3d 1147, 1155-57 (9th Cir. 2009) (determining that an investigation must be reasonable, meaning that it should constitute a "'detailed inquiry or systematic examination,'" which necessarily "requires some degree of careful inquiry," not "shoddy or superficial") (quoting Johnson v. MBNA Am. Bank, NA, 357 F.3d 426, 429–31 (4th Cir. 2004)).

Plaintiff alleges that within the last two years, Defendant provided inaccurate information about Plaintiff to the credit reporting agencies. Compl. ¶ 36. Plaintiff alleges that within the last two years, Plaintiff notified Defendant that he disputed the inaccurate information they had reported. Compl. ¶ 37. Plaintiff alleges that the credit reporting agencies notified Defendant that Plaintiff was disputing the information they had furnished concerning his credit. Compl. ¶ 38. Plaintiff alleges that Defendant negligently and wilfully violated § 1681s-2(b) by failing to conduct an appropriate investigation, by failing to review all relevant information, by failing to report the results to the credit reporting agencies, by failing to modify, delete or permanently block the reporting of the inaccurate information about Plaintiff, and by failing to report to the credit reporting agency that Plaintiff disputed the account. Compl. ¶ 39.

Defendant argues that Plaintiff has failed to state a claim for violation of § 1681s-2(b)

because while Plaintiff has alleged that Defendant conducted an investigation (Compl. ¶ 11), Plaintiff has not stated facts showing that the investigation that Defendant conducted was unreasonable. However, Defendant points to no authority requiring pleading of specific facts to show that the investigation was unreasonable. Rather, taking all of Plaintiff's allegations as true, as the Court must do on a motion to dismiss, Plaintiff has pled the elements of a claim under § 1681s-2(b), including that the investigation was unreasonable.

Finally, Defendant argues that Plaintiff's claim fails because the forbearance agreement expressly states that nothing in the agreement is a waiver of reporting delinquent payments, so Plaintiff's allegations that Defendant inaccurately reported his loan history or did not reasonably investigate it are unfounded. As stated above, this question is not properly decided on a motion to dismiss.

Thus, Defendant's motion to dismiss the second claim is denied.

**Conclusion**

Defendant's Motion to Dismiss is denied.

**IT IS SO ORDERED.**

Dated: April 23, 2012

ELIZABETH D. LAPORTE
United States Magistrate Judge

7